**IN THE U.S. DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| CAROL FURLONG and<br>AUSTIN JAMES FURLONG,<br><br>Plaintiffs,<br><br>vs.<br><br>RED ROBIN INTERNATIONAL, INC.,<br>d/b/a RED ROBIN GOURMET BURGERS<br>AND BREWS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No. 4:19-cv-01324-RWS<br><br>Division<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**<u>AMENDED COMPLAINT</u>**
**<u>Count I</u>**

COMES NOW Plaintiff Carol Furlong and for her cause of action against Defendant Red Robin International, Inc. states as follows:

## I. PARTIES

1. Carol Furlong is an adult who resides in St. Louis County, Missouri.

2. Defendant Red Robin International, Inc. is a non-Missouri corporation registered to do business in the State of Missouri. It operates under the fictitious name of Red Robin Gourmet Burgers and Brews.

3. Defendant has a place of business located in Chesterfield, Missouri at 17308 Chesterfield Airport Road, Chesterfield, MO 63005-1413 which is a restaurant.

4. On or about October 18, 2018 between 8:00 and 8:30 p.m. Plaintiff and her husband who were customers at the Defendant's place of business in Chesterfield were finishing their dinner. They were seated in a booth which was raised from the floor of the restaurant by at

least six inches.

5. In the section of the restaurant in which Plaintiff and her husband ate, the lighting was very dim making it hard to distinguish between the levels of the booth and the main floor.

6. In addition:

   a. There were no distinct markings at the edge of the floor of the booth in which Plaintiff Carol Furlong had been eating.

   b. There were no yellow or orange or other fluorescent like tape or demarcation or other physical demarcation such as a metal strip of light color with ridges for where the level of the raised floor ended.

   c. There was no sign at the end of the table nearest the step down warning of the step.

7. As a result of the dim lighting and/or the failure to demarcate the end of the raised floor or failure to warn of the step, that area of the floor of the Defendant's restaurant was not reasonably safe.

8. Defendant knew or by using ordinary care could have known of this condition and that the area of the step down from the booth was not reasonably safe.

9. Defendant failed to use ordinary care to provide appropriate lighting and/or to demarcate the end of the raised floor in which the booth was located and/or to warn of the step down.

10. When Plaintiff was leaving the booth she fell when going from the booth level to the floor level landing principally on her right side.

11. As a direct and proximate result of the failures by Defendant enumerated above,

Plaintiff Carol Furlong suffered injuries. She suffered a fracture to the head of her femur on her right side as well as many bumps, bruises and other injuries to her muscular/skeletal well being.

12. As a result of Defendant's failure to use ordinary care, Plaintiff Carol Furlong has been caused to incur medical expenses for surgery to repair the fracture at the end of her femur and for physical therapy among other medical expenses and will in the future be caused to incur medical expenses.

13. Plaintiff Carol Furlong's injuries are continuing and permanent in nature. Plaintiff Carol Furlong has suffered much pain of body and emotional upset and will in the future continue to incur pain of body and emotional upset as a result of the Defendant's failure to use ordinary care as enumerated above.

WHEREFORE Plaintiff Carol Furlong prays that this Honorable Court grant her a judgment in an amount that is fair and reasonable and in excess of Twenty-Five Thousand dollars ($25,000) together with her costs herein and grant such other and further relief as the Court deems just under the circumstances herein.

**Count II**

COMES NOW Plaintiff Austin James Furlong ("James") and for his cause of action against Defendant Red Robin International, Inc. states as follows:

14. Plaintiff James Furlong incorporates herein all allegations made heretofore.

15. At all times pertinent hereto Plaintiff James Furlong was the lawful wedded husband of Plaintiff Carol Furlong.

16. As a direct and proximate cause of the injuries to his wife, enumerated above, Plaintiff James Furlong has lost the consortium, services, companionship, and normal marital

relationship he has had with his wife from before the time of her injuries.

17. As a direct and proximate cause of the injuries to his wife, Plaintiff James Furlong sustained damages and will in the future sustain damages from the loss of consortium with his wife, from the loss of her services, from the need to provide services to her and to take care of Plaintiff Carol Furlong, from the need to do household chores that his wife formerly had done as well as from other damages that he has suffered from the loss of the services of his wife.

WHEREFORE Plaintiff James Furlong prays that this Honorable Court award him a judgment in an amount that is fair and reasonable and in excess of Twenty-Five Thousand dollars ($25,000) together with his costs herein and grant such other and further relief as the Court deems just under the circumstances herein.

Respectfully submitted,

/s/ Laurence D. Mass

Laurence D. Mass #30977
230 South Bemiston, Suite 1200
St. Louis, Missouri 63105
Phn: (314) 862-3333, Ext. 20
Fax: (314) 862-0605
Email: laurencedmass@att.net

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

It is hereby certified that on this 23rd day of May 2019, a copy of the foregoing was filed electronically with the Clerk of the Court to be served to all counsel by operation of the Court's electronic filing system.

/s/ Laurence D. Mass